IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Hayward L. Rogers, | ) | |
|---|---|---|
| | ) | C/A No. 2:19-653-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Supreme Court, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Hayward L. Rogers' ("Rogers"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's motion for informa pauperis ("IFP") (ECF No. 2) be denied and that Plaintiff be required to pay the full filing fee within twenty-one days. (ECF No. 7). Plaintiff was advised of his right to file objections to the Report. *Id*. at 3. Plaintiff timely filed objections. (ECF No. 10).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear

error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff has filed an IFP motion to be allowed to proceed without paying the filing fee. (ECF No. 2). "When a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393-94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g) ).

In her Report, the magistrate judge notes that Plaintiff has three strikes under the PLRA, and, therefore, he must pay the filing fee unless he is under imminent danger of serious physical injury." (ECF No. 7 at 1). Finding Plaintiff has not made any allegations of imminent physical harm, the magistrate judge recommends denying the IFP motion. *Id.* at 2. In his objections, Plaintiff argues that he in imminent danger of serious harm or death because he was illegally sentenced to life without parole and he is innocent. (ECF No. 10 at 1). Plaintiff's objections are without merit as he has not alleged or shown any imminent harm of physical danger. His 2001 conviction and sentence do not qualify as imminent physical harm.

Accordingly, the court adopts the Report (ECF No. 7) and Plaintiff's motion for IFP (ECF No. 2) is **DENIED**. Therefore, Plaintiff shall have twenty-one (21) days from the date of this order to pay the full filing fee. If Plaintiff fails to timely pay the filing fee, the Clerk is directed to dismiss this action without prejudice and enter final judgment at the close of the twenty-one day period.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 12, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.